[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11225
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-00185-MW-GRJ

SCOTT MEYER,

Plaintiff - Appellant,

versus

CITY OF GAINESVILLE, FLORIDA,
GAINESVILLE POLICE DEPARTMENT,
MICHAEL PRESTON,
Officer,
JOHN DOE,
Unnamed Additional Gainesville Police Officers,
JAMES FRANKLIN,

Defendants - Appellees,

FRANKLIN G. JAMES,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 21, 2017)

Before HULL, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

This is a straightforward case. The appeal requires us to decide whether an officer had probable cause to pull over and arrest a driver with an expired vehicle tag. Upon review, we conclude that the answer is yes.

On December 17, 2014, Officer James Franklin pulled over Scott Meyer, who had been driving his new car with an expired dealership tag. The tag was expired on December 7, 2014. Mr. Meyer explained to Officer Franklin that his son had been pulled over a few days earlier and issued a citation for driving without proof of registration. Mr. Meyer also said that he had repeatedly called the dealership to check on the status of his new tag. After some back and forth, however, Officer Franklin arrested Mr. Meyer for driving with an expired registration.

Mr. Meyer then filed a *pro se* complaint asserting various claims, including some under 42 U.S.C. § 1983, against the Gainesville Police Department, various named and unnamed Gainesville police officers, and the City of Gainesville. The district court granted the City's motion to dismiss, and the police officers' motion for summary judgment. Mr. Meyer appeals those rulings.

Although Mr. Meyer raises a litany of arguments in his 80-page *pro se* brief, at the end of the day, the merits of his appeal come down to a single question:

2

whether Officer Franklin had probable cause to arrest him.  Mr. Meyer, moreover, is limited to asserting that lone argument on appeal because he failed to raise any other arguments when objecting to the magistrate judge's reports and recommendations.  *See* Objection to Proposed Findings and Recommendations Re Defendant City of Gainesville's Motion to Dismiss, D.E. 22 at 2–13; Objection to Proposed Findings and Recommendations Re Defendants' Franklin James and Michael Preston's Motion for Summary Judgment, D.E. 30 at 2–15.  *See also* 11th Cir. R. 3–1 ("A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice.").

Mr. Meyer conceded in his verified complaint that his son had been pulled over and cited for driving with an expired registration, and that when Officer Franklin pulled Mr. Meyer over, the temporary tag was still expired.  *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of America*, 795 F.2d 948, 954 (11th Cir.1986) ("[W]e are to accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.").  Under those circumstances, there was enough to

3

establish probable cause to arrest Mr. Meyer.  *See* Fla. Stat. § 320.131(5) ("Any person who knowingly and willfully abuses or misuses temporary tag issuance to avoid registering a vehicle requiring registration pursuant to this chapter or chapter 319 commits a misdemeanor of the first degree, punishable as provided in § 775.082 or § 775.083."); *Wilson v. Attaway*, 757 F.2d 1227, 1235 (11th Cir. 1985) ("Probable cause to arrest exists where the facts and circumstances within the collective knowledge of the law enforcement officials, of which they had reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that an offense has been or is being committed.") (citation and quotation marks omitted); *Craig v. Singletary*, 127 F.3d 1030, 1042 (11th Cir. 1997) ("Probable cause issues are to be decided on an objective basis by courts without regard to the subjective beliefs of law enforcement officers, whatever those beliefs may have been."); *Jordan v. Mosley*, 487 F.3d 1350, 1355 (11th Cir. 2007) ("No officer has a duty to prove every element of a crime before making an arrest.") (citation omitted).  And without an underlying constitutional violation, the City could not be liable under a § 1983 municipal liability theory.

As for the motion for summary judgment, Mr. Meyer's allegations fare no better when stacked against the evidence collected during discovery.  The evidence merely confirmed what Mr. Meyer swore to in his verified complaint, *i.e.*, that he

4

was knowingly driving a new car with an expired dealership tag.  *See, e.g.*, Scott

Meyer Deposition Tr., D.E. 20 at 5, 7.

The district court correctly granted the City's motion to dismiss and the

officers' motion for summary judgment.

**AFFIRMED.**